**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EARNEST CASSELL WOODS, II, | No. 11-15101 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01859-JSW |
| v. | |
| BEN CURRY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

California state prisoner Earnest Cassell Woods, II, appeals pro se from the

district court's order denying his request to proceed in forma pauperis in his 42

U.S.C. § 1983 action alleging retaliation.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo the district court's interpretation and application of 28 U.S.C. § 1915(g).  *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005).  We reverse in part, affirm in part, and remand.

The district court improperly denied Woods's request to proceed in forma pauperis because the dismissals of his appeals for lack of jurisdiction were not "frivolous" solely because the appeals were premature.  *See id*. at 1121 (district court erred in counting dismissal of an appeal for lack of jurisdiction as a "strike" under § 1915(g) without first determining, "after careful evaluation of the order dismissing an action, and other relevant information," that the action was frivolous, malicious or failed to state a claim).

The district court did not abuse its discretion in denying Woods's motions for injunctive relief because it had dismissed Woods's complaint prior to service.  *See* Fed. R. Civ. P. 65(a)(1) (court may issue preliminary injunction only on notice to adverse party).

All outstanding motions are denied.

Woods shall bear his own costs on appeal.

**REVERSED in part; AFFIRMED in part; and REMANDED.**